**John MEHALIS; Curtis Thibodeau,
Appellants**

v.

**FRITO–LAY, INC.; Tyler Montgomery.**

No. 12–3162.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) Sept. 9, 2013.

Filed: Sept. 12, 2013.

Jordan R. Irwin, Esq., Begelman, Orlow
& Melletz, Cherry Hill, NJ, for Appellants.

Jane Jhun, Esq., Saiber, Newark, NJ,
Marc E. Wolin, Esq., Saiber, Florham
Park, NJ, for Frito–Lay, Inc.; Tyler
Montgomery.

Before: SMITH, ALDISERT, and
SLOVITER, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

John Mehalis and Curtis Thibodeau
worked full time as mechanics for Frito–
Lay, Inc., at its Franklin Park garage in
Somerset, New Jersey. Their supervisor,
Tyler Montgomery, terminated their em-
ployment on February 7 and 23, 2007,
respectively. Thereafter, Mehalis and
Thibodeau filed suit against Frito–Lay in
state court, alleging that their discharge
violated New Jersey's Conscientious Em-
ployee Protection Act ("CEPA"), N.J. Stat.
Ann. § 34:19–1. Frito–Lay removed the
actions to federal court based on diversity
jurisdiction, where they were consolidated.
After discovery concluded, Frito–Lay suc-
cessfully moved for summary judgment.
This timely appeal followed.[1] We will af-
firm.

We review an order granting summary
judgment de novo. *Sarnowski v. Air
Brooke Limousine, Inc.,* 510 F.3d 398, 401
(3d Cir.2007). The District Court granted
summary judgment on the ground that
neither Mehalis nor Thibodeau adduced
sufficient evidence to support the prima
facie element of causation. *See Massara-
no v. N.J. Transit,* 400 N.J.Super. 474, 948
A.2d 653, 662 (Ct.App.Div.2008) (reiterat-
ing the four elements of a prima facie
CEPA claim, including "a causal connec-
tion ... between the whistle-blowing activ-
ity and the adverse employment action"
(quoting *Dzwonar v. McDevitt,* 177 N.J.
451, 828 A.2d 893, 900 (2003))). In addi-
tion, the District Court noted that Frito–
Lay had proffered a legitimate non-retalia-
tory reason for discharging Mehalis and
Thibodeau, and that the evidence failed to
establish that this reason for discharge
was a pretext. After reviewing the record
before us, we conclude that the District
Court did not err in its analysis. Accord-
ingly, we will affirm the judgment of the
District Court.

---

1. The District Court had jurisdiction under 28
U.S.C. §§ 1332 and 1441. We exercise juris-
diction under 28 U.S.C. § 1291.